October 26, 2023

**Filed with the Court**
Hon. Dale E. Ho
United States District Court
Southern District of New York
40 Foley Square, Courtroom 905
New York, NY 10007

RE:    **Altaune Brown vs. NYC Convenience 2 Corporation, et al.**
Index No.: 1:23-cv-5634-DEH

## PRELIMINARY JOINT LETTER

Dear Judge Ho,

In accordance with Section 3(c) of Your Honor's Individual Part Rules, the undersigned Counsel for Plaintiff and Defendant submit this JOINT STATEMENT, which will serve as the written report required by Fed. R. Civ. P. 26 (f) in anticipation of the initial conference. The Parties have attempted to complete this statement as fully as possible; however, given the pre-discovery stage of this lawsuit, many of the relevant factual and legal matters remain unknown. Thus, each party reserves all of their rights, remedies, defenses and objections as to the matters addressed herein, none of which are waived.

1. **A brief description of the case, including the factual and legal bases for the claim(s) and defense(s).**

   **Plaintiff's statement of the nature of this action is:** Plaintiff, Altaune Brown, a wheelchair-user paraplegic, alleges he visited the property located at 40 Water Street New York, NY 10004 (the "Premises"). The Premises is owned and operated by Defendants. Plaintiff alleges that he attempted to access and patron the Premises, but was denied full and equal access to, and enjoyment to and of the facilities thereat in violation of 42 U.S.C. 12181, et. Seq., of the Americans with Disabilities Act ("ADA"), the New York Human Rights Law ("NYCHRL"), and the New York State Human Rights Law ("NYSHRL"). The main issues to resolve are remediations of the Premises (including the three steps at the entrance) and statutory damages. Mr. Brown continues to be denied independent access due to the barriers outside and within the Premises.

   **Defendants statement of the nature of this action:** Plaintiff has brought claims under the ADA and equivalent New York statutes based on allegations that the premises discriminates against individuals in wheelchairs. Defendant believes that there are issues as to the requirements of the ADA as applied to this building, including the extent to which the contemplated repairs or alterations are readily achievable or constitute undue burdens.

2. **The basis for subject matter jurisdiction.**

   **Plaintiff's position**:  This is an action for declaratory and injunctive relied pursuant to Title III of the ADA, 42 U.S.C. § 12181, et. Seq. This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §1343. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in New York. The remedies provided by the NYSHRL against discrimination are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the Federal Civil Rights Act.

   **Defendants' Position:**  Plaintiff has asserted claims under Title III of the ADA, thereby invoking the Court's original subject matter jurisdiction.  Although Defendants' do not challenge subject matter jurisdiction at this time, they reserve the right to seek dismissal of the action should Plaintiff's claims be mooted by remediation, thereby depriving the Court of subject matter jurisdiction.  See, e.g. <u>Meng v. U.S. Citizenship & Immigr. Servs.</u>, 597 F. Supp. 3d 552, 553-54 (E.D.N.Y. 2022) ("Once a case is moot, 'federal courts lack subject matter jurisdiction over it.'" (quoting Fox v. Bd. of Trs. of the State Univ. of N.Y., 42 F.3d 135, 140 (2d Cir. 1994)).

3. **Any contemplated motions.**

   Plaintiff does not intend to file any motions at this time.

4. **The prospect for settlement.**

   The parties have conferred and have begun discussing possible settlement.  An immediate referral to the SDNY Mediation Program within **30 days** may be helpful in facilitating resolution.

 

    Jointly & Respectfully submitted,

    /s/ *Bradly G. Marks*
    Bradly G. Marks
    The Marks Law Firm
    155 E 55th Street, Suite 4H
    New York, New York 10022
    ***Counsel for Plaintiff***

    s/ *Nicholas Ranallo*
    Nicholas Ranallo (SBN 4620985)
    Mavronicolas Law Group, PLLC (Of Counsel)
    1430 Broadway, Suite 1508
    New York, NY 10018
    nranallo@mavrolaw.com
    ***Counsel for Defendant(s)***